**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

1903 CAR WASH COMPANY,　　　　　)
LLC, a Washington limited liability　)
company, 1903 HOLDING COMPANY,　)
LLC, and DANIEL D. DYER,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　) 　C.A. No.:　N15C-05-046 ALR
　　　　　　　　　　　　　　　　)
NDP GROUP, LLC, a Delaware　　　)
limited liability company,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　)

Submitted: July 15, 2015
Decided: July 29, 2015

**ORDER DENYING PLAINTIFFS' MOTION FOR**
**PARTIAL SUMMARY JUDGMENT**

On June 23, 2015, Plaintiffs, 1903 Car Wash Company, LLC, 1903 Holding

Company, LLC, and Daniel D. Dyer, filed a motion for partial summary judgment.

Defendant NDP Group, LLC opposes Plaintiffs' motion.  Upon consideration of

Plaintiffs' motion, Defendant's opposition thereto, and the applicable statutory and

decisional law, the Court finds as follows:

1. The Court may grant summary judgment only where the moving party can

"show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."[1] The moving party bears the initial burden of proof, and once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

2. Plaintiffs filed the underlying debt action against Defendant on May 6, 2015. According to the complaint, on November 17, 2012, the parties executed a Memorandum Agreement ("Agreement"), effective November 1, 2012, for the assignment of Plaintiffs' license agreements with the National Association for Stock Car Auto Racing, Inc. ("NASCAR" and "NASCAR License Agreements") to Defendant. Plaintiffs contend that, pursuant to the Agreement, Defendant executed a Promissory Note ("Note") in favor of 1903 Car Wash Company, LLC for $1,000,000 due and payable on December 31, 2013. According to the complaint, on December 30, 2013, the parties executed an Extension and Modification Agreement on the Note ("Note Extension Agreement"). Plaintiffs contend that Defendant defaulted on the remaining $881,500 balance on the Note as modified by the Note

---

[1] Super. Ct. Civ. R. 56.
[2] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).
[3] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

Extension Agreement. Plaintiffs seek judgment as a matter of law for the remaining balance.

3. Defendant contends there are issues of material fact in dispute. Defendant admits that the Note has a remaining balance but contends the balance is $876,500.[4] In addition, Defendant disputes whether it has defaulted on the total remaining balance. Specifically, pursuant to a payment schedule provided in the Note Extension Agreement, Defendant contends that $666,500 of the Note's remaining balance was not yet due and owing at the time Plaintiffs filed this lawsuit. Moreover, according to Defendant, pursuant to the terms of the Note, which remained unchanged by the Note Extension Agreement, Defendant contends that Plaintiffs' remedy for Defendant's default is limited to a right to recover the collateral identified in the Note because the Note is a non-recourse debt. Defendant submits that only NASCAR, who is not a party to this litigation, has the authority to transfer the collateral to Plaintiffs.

4. The Memorandum Agreement, Note, and Note Extension Agreement govern this issue. The Court will interpret unambiguous contracts according to their plain, ordinary meaning.[5] Contract language is ambiguous if it is "fairly susceptible of different interpretations or may have two or more different

---

[4] Ans. ¶ 10; Def.'s Resp. ¶ 10
[5] *GMG Capital Inv., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 780 (Del. 2012).

meanings."[6] To resolve ambiguity, "the interpreting court must look beyond the language of the contract to ascertain the parties' intentions."[7]

5. Upon consideration of the Memorandum Agreement, Note, and Note Extension Agreement the Court finds genuine material issues of fact are in dispute, including when, or if, Defendant defaulted on the Note. In addition, in the event Defendant has defaulted on the Note, there is a dispute regarding Plaintiffs' remedies.

6. Accordingly, partial summary judgment is inappropriate because genuine issues of material fact are in dispute.

**NOW, THEREFORE, this 29th day of July 2015, Plaintiffs' Motion for Partial Summary Judgment is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[6] *Eagle Indus., Inc. v. DeVilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. 1997).
[7] *Id.*